**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4306-17T4

STERLING CARTING, INC.,
and BARBARA ANN MILLER,

      Plaintiffs-Appellants,

v.

BOROUGH OF LODI and
JOSEPH SMENTKOWSKI, INC.,

      Defendants-Respondents.

_____

Argued October 31, 2018 - Decided July 31, 2019

Before Judges Fuentes, Accurso and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2126-18.

Richard D. Trenk argued the cause for appellants (McManimon, Scotland & Baumann, LLC, attorneys; Richard D. Trenk, of counsel and on the brief; Mark Y. Moon, on the brief).

Alan P. Spiniello argued the cause for respondent Borough of Lodi.

Thomas S. Cosma argued the cause for respondent Joseph Smentkowski, Inc. (Connell Foley LLP, attorneys; Thomas S. Cosma, of counsel and on the brief; Michael J. Affrunti, on the brief).

PER CURIAM

This appeal arises out of a competitive bidding dispute under the Local Public Contracts Law, N.J.S.A. 40A:11-1 to -52. Defendant Borough of Lodi awarded a one-year solid waste collection contract with the option to extend for a second or third year to the lowest responsible bidder, defendant Joseph Smentkowski, Inc., in accordance with the bid notice and accompanying specifications. Incumbent provider Sterling Carting, Inc., the only other bidder, and taxpayer Barbara Ann Miller[1] filed an action in lieu of prerogative writs to enjoin the award of the contract based on the theory that Sterling was the lowest responsible bidder for the one year contract the Borough awarded. Plaintiffs also argued the Borough misinterpreted an addendum requiring bidders to bid a separate amount for additional work of waste collection at eight schools by adding the amounts it bid to its bid price instead of treating them "as an

---

[1] Defendants challenged Miller's standing, and plaintiffs' candor, for failing to disclose to the court that Miller is married to a supervisor for Sterling and thus is not a disinterested taxpayer. Although "a little concerned" by the failure to disclose Miller's interest, the trial court judge declined to address the issue in light of its rejection of the bid challenge. We do the same. See Am. Motorists Ins. Co. v. L-C-A Sales Co., 155 N.J. 29, 43 (1998).

2

A-4306-17T4

apportionment." Miller also challenged the specifications themselves, claiming the ambiguities and inconsistencies Sterling identified required that both bids be rejected and the contract re-bid.

The trial court temporarily restrained the contract award to permit it the opportunity to fully review the bid challenge. After full briefing and oral argument, the court denied plaintiffs' request for permanent injunctive relief and dismissed the complaint with prejudice. Plaintiffs' applications for emergent relief were denied by this court and the Supreme Court, although we agreed to accelerate their appeal. Having now had the opportunity to fully review plaintiffs' claims, we find them without sufficient merit to warrant any extended discussion in a written opinion. See R. 2:11-3(e)(1)(E).

The bid specifications in this case were clear and unambiguous. The proposal required bidders to bid on nine different service options, divided into categories, for one year service periods for a total of three years. Bidders were required to bid for all service periods in all categories. The Borough retained the right to award the contract based upon the lowest responsible bid for whatever option it selected. The specifications stated clearly that the Borough could

> award the contract to the bidder whose aggregate bid
> price for a one year contract is the lowest responsible

bid, or to award the contract to the bidder whose aggregate bid price for a two year contract in the categories selected by the Borough for such service period is the lowest responsible bid, or to award the contract to the bidder whose aggregate bid price for a three year contract in the categories selected by the Borough for such service periods is the lowest responsible bid.

Although Sterling's bid for the first year service period for the service options the Borough chose was lower than Smentkowski's, its second and third year prices were higher, resulting in Sterling's aggregate bid price exceeding Smentkowski's.[2] Sterling's theory is that because the Borough awarded a one

---

[2] The parties' bids on the options selected by the Borough were as follows:

|                              | Smentkowski    | Sterling       |
| ---------------------------- | -------------- | -------------- |
| Option Three Year One        | $653,622       | $605,700       |
| Option Three Year Two        | $653,622       | $658,200       |
| Option Three Year Three      | $669,564       | $703,200       |
| **Option Three - Total**     | **$1,976,808** | **$1,967,100** |
| Attachment Five Year One     | $18,289        | $42,000        |
| Attachment Five Year One     | $18,289        | $43,500        |
| Attachment Five Year One     | $18,289        | $45,000        |
| **Attachment Five - Total**  | **$54,867**    | **$130,500**   |
| **Grand Total**              | **$2,031,675** | **$2,097,600** |

year contract to Sterling, with only options to award the second and third year periods, the contract should have been awarded to Sterling because its first year bid price was lower.

Besides being a thinly-veiled challenge to the specifications prohibited by Saturn Construction Company, Inc. v. Board of Chosen Freeholders, 181 N.J. Super. 403, 407-08 (App. Div. 1981), Sterling's theory ignores that Smentkowski is firmly bound to hold its second and third year bid prices in accordance with the specifications. That the Borough left itself free not to exercise those options does not change that Sterling and Smentkowski submitted bids for a three-year contract as required by the specifications, and the Borough chose to award the contract to the bidder whose aggregate bid price for a three-year contract constituted the lowest responsible bid, Smentkowski. See Meadowbrook Carting Co., Inc. v. Borough of Island Heights, 138 N.J. 307, 313 (1994) (explaining that a contract must be awarded to the lowest bidder that complies with the requirements of the bid specifications).

Sterling argues the Borough could manipulate the bid process by awarding the contract based on the three-year aggregate price and then not exercise the second or third year options. We acknowledge that this is so. A contracting entity could likewise manipulate the process by awarding a three-year contract

and cancelling for convenience after the first year. In neither instance are the public bidding laws offended because in each case the bidders competed on a level playing field.[3] No one contests that a contracting entity can favor a bidder through its choice of bid alternatives. As Judge Pressler explained in Seacoast Builders Corporation v. Jackson Township Board of Education, 363 N.J. Super. 373, 380 (App. Div. 2003), however, "whatever manipulation may be possible is inherent in the nature of specifying alternates in the first place, a practice which is nevertheless accepted as a customary aspect of bidding." As in Seacoast Builders, it does not appear to us that the spectre of the type of potential manipulation Sterling envisions by the inclusion of bid alternatives "outweigh[s] what we perceive to be the other objectives of public bidding." Ibid.

Sterling's other argument, that it intended the Borough to understand that the price it bid for the "separate amount for the additional work described in Attachment 5," which the Borough required by bid modification notice, was already subsumed within its aggregate bid price is frivolous.

---

[3] This is not to say that a government entity would not otherwise have to answer for such conduct if motivated by favoritism or corruption.

Miller's challenge to the specifications based on the same arguments Sterling raises, and we reject here, was also correctly dismissed by the trial court judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4306-17T4